

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2008

# Larry Jordan v. Allgroup Wheaton

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1345

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Larry Jordan v. Allgroup Wheaton" (2008). *2008 Decisions.* Paper 624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-277                                                                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1345
_____

LARRY JORDAN,
                                                    Appellant

v.

ALLGROUP WHEATON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-03244)
District Judge:  Honorable Joseph E. Irenas

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 21, 2008
Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Filed: August 26, 2008 )
_____

OPINION
_____

PER CURIAM

     Larry Jordan appeals pro se from the District Court's orders denying his motions to

reopen this action and for reconsideration.  We will summarily affirm.  See 3d Cir. LAR

1

27.4 and I.O.P. 10.6

In 2001, Jordan filed a complaint alleging racial discrimination. The District Court granted defendant's motion for summary judgment on September 4, 2002, and we affirmed. See Jordan v. Allgroup Wheaton, C.A. No. 02-3622, 95 Fed. Appx. 462 (Table) (3d Cir. April 15, 2004).

On December 3, 2007, Jordan filed in the District Court the motion to reopen at issue here. The motion does not contain any argument or allegation and instead merely requests a 60-day "extension" in which to file a supporting certification. The District Court denied the motion by order entered December 6, 2007. Jordan then filed a motion for an "extension of time," in which he requested an extension to file a motion for reconsideration under Local Rule 7.1. Jordan alleged in his motion for an extension that he required this time to subpoena records regarding "investigation from EEOC and NLRB" but, once again, did not set forth any grounds for relief. The District Court denied that motion by order entered December 19, 2007, and Jordan appeals.

We construe Jordan's initial motion as one under Fed. R. Civ. P. 60(b), and his second motion as one under Fed. R. Civ. P. 59(e). We review the denial of each motion for abuse of discretion. See McDowell v. Phila. Hous. Auth., 423 F.3d 233, 238 (3d Cir. 2005) (Rule 59(e)); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (Rule 60(b)). In this case, Jordan's Rule 60 motion does not contain any allegations whatsoever, let alone set forth grounds for relief from the District Court's judgment.

2

Jordan's Rule 59 motion asserts that he requires time to subpoena certain records, but does not assert why he is seeking those records only now, what he expects them to contain, or how they might warrant reopening this action. Jordan's filings in this Court also fail to state any grounds that might warrant reopening this action.

Accordingly, the District Court did not abuse its discretion in denying Jordan's motions to reopen and for reconsideration, and we will summarily affirm.